600 S.E.2d 304

**Joseph COLEMAN, Plaintiff Below, Appellant,**

v.

**Howard PAINTER, Warden, Defendant Below, Appellee.**

No. 31394.

Supreme Court of Appeals of West Virginia.

Submitted: March 30, 2004.

Filed: June 30, 2004.

Stephen Paul New, Esq., Lambert & New, Gilbert, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Jon R. Blevins, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM.

The appellant Joseph Coleman appeals from a Mingo County Circuit Court order denying the appellant's petition for a writ of habeas corpus. We affirm the circuit court's order.

I.

During its January 1997 term, a Mingo County Grand Jury charged the appellant with nineteen counts of sexual abuse of the appellant's 15–year–old stepson, Wayne B.[1] In August of 1997, the circuit court appointed the Kanawha County Public Defender Office ("PD's Office") to represent the appellant.

A jury trial was held in December of 1997, and the jury found the appellant guilty of all

---

**1.** Consistent with our practice in cases involving sensitive matters, we use the victim's initials and refer to the victim as "Wayne B."

nineteen charges.[2] In May of 1998, the circuit court sentenced the appellant to consecutive terms totaling 108 years to 305 years. In May 2000, this Court refused the appellant's direct appeal without discussion.[3]

In January of 2001, the appellant filed a *pro se* petition for a writ of habeas corpus in circuit court. Finding probable cause that the appellant might be entitled to relief, the circuit court in July of 2001 appointed counsel to represent the appellant.

In the appellant's amended habeas petition, the appellant asserted twenty-two allegations of error. In November of 2001, the circuit court held an omnibus habeas corpus hearing. During the hearing, the appellant verified to the circuit court that the appellant's counsel had discussed all potential grounds for habeas corpus relief with the appellant. The circuit court then allowed the appellant and his counsel to offer as much evidence as the appellant wished into the record.

In July of 2002, the circuit court filed an order denying the appellant's petition for a writ of habeas corpus. In the order, the circuit court made detailed findings of fact and conclusions of law on each error raised by the appellant.

The appellant appeals from the circuit court's July 2002 order denying the appellant's petition for a writ of habeas corpus.

## II.

■ In *State ex rel. Valentine v. Watkins,* 208 W.Va. 26, 537 S.E.2d 647 (2000), this Court discussed the standard of review of a circuit court's decision to grant or to deny a habeas corpus petition. "When considering whether such a petition requesting post-conviction habeas corpus relief has stated grounds warranting the issuance of the writ, courts typically are afforded broad discretion." 208 W.Va. at 31, 537 S.E.2d at 652.

■ Whether denying or granting a petition for a writ of habeas corpus, the circuit court must make adequate findings of fact and conclusions of law "relating to each contention advanced by petitioner, and to state the grounds upon which the matter was determined." Syllabus Point 1, in part, *State ex rel. Watson v. Hill,* 200 W.Va. 201, 488 S.E.2d 476 (1997).

In Syllabus Point 1 of *State ex rel. Postelwaite v. Bechtold,* 158 W.Va. 479, 212 S.E.2d 69 (1975), *cert. denied,* 424 U.S. 909, 96 S.Ct. 1103, 47 L.Ed.2d 312 (1976), we stated that "[f]indings of fact made by a trial court in a post-conviction habeas corpus proceeding will not be set aside or reversed on appeal by this Court unless such findings are clearly wrong."

In his appeal to this Court, the appellant raises nineteen grounds of error. These grounds fall into six general categories: ineffective assistance of trial counsel,[4] mental incompetency, evidentiary errors, juror bias, insufficiency of the evidence, and burden-shifting.[5]

As his first assignment of error, the appellant alleges that his trial counsel acted ineffectively. Specifically, the appellant argues that counsel acted ineffectively by failing to adequately prepare and investigate the case, to adequately cross-examine the victim, and

---

2. A Mingo County jury convicted the appellant of one count of first degree sexual abuse, four counts of sexual abuse by a parent, custodian, or guardian, three counts of second degree sexual assault, three counts of incest, two counts of aiding or abetting second degree sexual assault, two counts of aiding or abetting incest, two counts of aiding or abetting sexual abuse by a parent, custodian or guardian, one count of procuring sexual exploitation by a parent, custodian or guardian, and one count of procuring sexual abuse by a parent, custodian or guardian.

3. In October of 2000, this Court also denied the appellant's *pro se* original jurisdiction habeas corpus petition.

4. The appellant also challenges the effectiveness of counsel on his direct appeal. The appellant failed to raise this allegation below and did not provide, in his appeal to this Court, sufficient evidence and case law for this Court to address his allegation.

5. In his appeal to this Court, the appellant raises several allegations more than once. To avoid redundancy, the Court will cover each allegation raised by the appellant only once.

to obtain sufficient expert testimony to prove the appellant's theory of the case.

■ To prevail on an ineffective assistance of trial counsel claim, the appellant must prove that his trial counsel acted deficiently under an objective standard and that trial counsel's ineffectiveness unfairly prejudiced the appellant. In Syllabus Point 5 of *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), we stated that:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

■ "The strong presumption that counsel's actions were the result of sound trial strategy ... can be rebutted only by clear record evidence that the strategy adopted by counsel was unreasonable." *State v. LaRock*, 196 W.Va. 294, 309, 470 S.E.2d 613, 628 (1996) (citation omitted).

■ According to the appellant, his counsel failed to spend the time necessary to properly investigate and prepare the theory that the victim had a history of making false allegations of sexual abuse.

At the habeas corpus hearing, the evidence showed that an initial investigation by appellant's defense counsel indicated that attempting to establish a history of false allegations by the victim was not a viable trial strategy. The evidence adduced at the habeas corpus hearing revealed that while the victim had made several prior allegations of sexual abuse, none of the victim's prior allegations were proved to be false.

In *State v. LaRock*, 196 W.Va. 294, 309, 470 S.E.2d 613, 628 (1996), this Court stated that:

> After a reasonable tactical decision makes further investigation into a particular matter unnecessary, an attorney is not deficient in his or her duty to make a reasonable investigation by failing to further investigate and develop that matter. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984).

Counsel's decision not to develop a trial theory of false allegations by the victim was a reasonable tactical decision. Furthermore, given an opportunity at the habeas corpus hearing to prove a pattern of false allegations, the appellant failed to offer substantive evidence to support his claim. We therefore affirm the circuit court's findings.

■ The appellant also alleges that his trial counsel failed to properly cross-examine the victim. The extent of cross-examination is within the trial counsel's discretion. "The method and scope of cross-examination 'is a paradigm of the type of tactical decision that [ordinarily] cannot be challenged as evidence of ineffective assistance of counsel.'" *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 328, 465 S.E.2d 416, 430 (1995) (citations omitted).

Under the circumstances, counsel's decision to limit the extent of the victim's cross-examination was reasonable. Through cross-examination of the social worker who worked with the victim, counsel elicited testimony that the victim had accused other individuals of sexual abuse. Evidence of the victim's history of making prior allegations of sexual abuse was placed in front of the jury. At the habeas corpus hearing, the appellant did not offer any evidence of additional information that a more extensive cross-examination might have revealed.

■ The appellant also argues that counsel was ineffective in not procuring and preparing an expert witness. According to the appellant, the appellant could not fully develop his theory of the case without an expert witness. According to the appellant's brief, the expert witness would have provided "testimony regarding [the victim's] prior history of allegations of sexual abuse ... and assist ... the jury in [understanding] sexual abuse cases generally." Appellant further suggests that an expert witness would have "diminished the impact of the State's witnesses."

At the habeas corpus hearing, the appellant failed to produce a proposed expert witness and offered only speculation on what an expert might have testified to at trial. The appellant's guesswork and speculation are no substitute for evidence. The appellant failed to prove that he suffered any prejudice because an expert witness did not testify for the appellant at trial.

Before and during the trial, appellant's counsel and their investigator worked extensively developing and preparing the appellant's case. Counsel spoke with the appellant approximately every other day, made numerous motions, and made strategic decisions—including advising the appellant against testifying. The circuit court found that "defense counsel diligently, effectively and properly represented [the appellant] during the course of the trial." The circuit court further found that the appellant failed to prove "that the result of proceedings would have been different absent the strategic decisions and failures alleged [to have been committed by appellant's trial counsel]."

An independent review of the record supports the circuit court's findings that appellant's counsel acted within reasonable standards of conduct. The appellant also failed to prove that his trial counsel acted in a way that unfairly prejudiced him.

 As his second ground, the appellant alleges as error that he lacked mental competency at the time of the crimes and at trial.[6] "A defendant has both a substantive and a procedural due process right to avoid being tried while mentally incompetent." *State v. Sanders,* 209 W.Va. 367, 377, 549 S.E.2d 40, 50 (2001). "To be competent to stand trial, a defendant must exhibit a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceedings against him." Syllabus Point 2, *State v. Arnold,* 159 W.Va. 158, 219 S.E.2d 922 (1975) *overruled on other grounds by State v. Demastus,* 165 W.Va. 572, 270 S.E.2d 649 (1980). Although trial counsel said that communicating with the appellant was at times painstaking, neither trial counsel nor the appellant testified that the appellant was unable to communicate effectively.

The circuit court in its order found that appellant presented "no evidence, via testimony, exhibit, or otherwise, that indicates that the [appellant] was unable to understand either the nature of his acts at the times the crimes he was convicted of were committed, or that he lacked the mental capacity to communicate effectively with his counsel in preparation for trial and/or understand the nature of the charges against him."

 Apart from having "borderline" intellectual capabilities[7] and a voluntary hospitalization at a mental health facility for five days of observation, the appellant did not offer persuasive evidence of his lack of mental competency at the time of the crimes. A review of the appellant's testimony during the habeas corpus hearing and the record below shows that the appellant understood the proceedings against him and could help in his own defense. Therefore, we affirm the circuit court's finding that the appellant was mentally competent at all relevant times.

 Third, the appellant argues that the circuit court erred in admitting his prior conviction into evidence and that his trial counsel erred in introducing the prior victim's medical records into evidence. In 1989, the appellant was charged in Kentucky with first degree sodomy and first degree sexual abuse of another stepson. The appellant entered an *Alford* plea[8] in the Kentucky case

---

6. The appellant also raises as an error trial counsel's failure to request a pre-trial competency hearing. Typically, there must be some sign of incompetency before any obligation to send the criminal defendant for an evaluation is triggered. "Counsel are under an obligation to undertake reasonable pre-trial investigation of possible mental defenses where there are indications that a defendant suffers from a significant mental defect." Syllabus Point 7, *State ex rel. Vernatter v. Warden, West Virginia Penitentiary,* 207 W.Va.

11, 528 S.E.2d 207 (1999). There was no evidence that the appellant showed a sign of incompetency.

7. A March 1998 psychological evaluation diagnosed the appellant as having "mild mental retardation."

8. In an *"Alford* plea," a criminal defendant pleads guilty while proclaiming his innocence. A court's acceptance of such a plea does not

and pled guilty to third degree criminal abuse.[9]

■ The prosecutor offered the prior conviction evidence to show the appellant's willingness to use available opportunities to engage in prohibited acts with children. Under our existing case law, such evidence may be admissible to show that the appellant had a "lustful" disposition toward children. *State v. Edward Charles L.*, 183 W.Va. 641, 651, 398 S.E.2d 123, 133 (1990). The circuit court did not err in finding that evidence of the appellant's prior criminal conduct had been properly admitted at trial.

■ The appellant also argues that the appellant's trial counsel acted ineffectively by introducing the prior victim's medical records into evidence. "A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be 'so ill chosen that it permeates the entire trial with obvious unfairness.'" *State ex rel Daniel v. Legursky*, 195 W.Va. at 328, 465 S.E.2d at 430 (citations omitted). Once the circuit court allowed the admission of the "prior bad act" evidence, the appellant's counsel offered the prior victim's records into evidence, to offer an alternative explanation for the victim's rectal tears. Counsel's decision to admit the medical records into evidence was not outside the range of reasonable conduct. We affirm the circuit court's findings.

■ Fourth, the appellant argues that he suffered prejudice as the result of the bias of two jurors. The appellant argues that a juror was related to the appellant's first ex-wife[10] and that another juror knew and "disliked" the appellant. In support of these allegations, the appellant offered an affidavit from his mother made after the appellant was convicted. At the habeas corpus hearing, the appellant's mother admitted to attending the jury trial but offered no ex-

planation why she had not mentioned this information earlier in the proceedings. The juror accused of being related to the appellant's first wife testified at the habeas hearing and denied knowing or having any relationship with the appellant or the appellant's ex-wife. A review of the record supports the circuit court's finding that the juror was not related to the appellant's first wife.

■ The appellant accused the second juror of "knowing [the appellant] and not liking him." Beyond an affidavit from the appellant's sister, who did not testify at the habeas corpus hearing, the appellant failed to offer any additional evidence of juror bias. We affirm the circuit court's findings that the appellant's conviction was not tainted by juror bias.

■ The appellant raises as his fifth assignment of error the argument that because improper evidence was admitted into the record, the burden of proof was impermissibly shifted from the State to the appellant. According to the appellant's brief, because "there was no physical evidence of abuse, sexual or otherwise, and [because the victim gave] conflicting testimony and statements to police officers and various state workers, the appellant was required to disprove the elements of all 19 counts[.]"

Beyond this general statement, the appellant fails to offer evidence from the record that the burden of proof had shifted from the State to the appellant during the trial. In its order, the circuit court specifically found that the jury was "properly, clearly and fully instructed that the burden was on the State to prove each and every element of all the alleged offenses in this case."

This Court has held that "[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, un-

---

violate the defendant's due process rights "so long as the court is satisfied that there is a factual basis for the plea independent of the defendant's statements." *State v. Lilly*, 194 W.Va. 595, 605, 461 S.E.2d 101, 111 (1995) (Cleckley, J. concurring) (citations omitted).

9. Because the appellant's first stepson died in a fire and the appellant's first wife committed sui-

cide, a Kentucky social worker was allowed to testify in the appellant's trial in the instant case as to what the deceased had told her as part of their treatment.

10. In addition to being convicted for criminal abuse of his first stepson, the appellant had been previously accused of assaulting his first wife.

less such testimony is inherently incredible, the credibility is a question for the jury." Syllabus Point 5, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981). The jury heard the victim's testimony, judged the victim's credibility, and found the appellant guilty of all nineteen counts. The circuit court did not err in finding that the burden of proof had not shifted to appellant.

█ Finally, the appellant argues that the State failed to offer sufficient evidence to prove that the appellant was married to the victim's mother at the time the crimes occurred to support the convictions of incest. It is the jury's responsibility to weigh the sufficiency of the evidence. Syllabus Point 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). The jury heard and viewed evidence from which it could conclude that the appellant and the victim's mother were married in 1995. The circuit court did not err in finding that there was sufficient evidence to support the appellant's convictions on four counts of incest.

### III.

In denying the appellant's petition for a writ of habeas corpus, the circuit court made adequate findings of fact and conclusions of law related to each contention advanced by the appellant. In his appeal of the circuit court's order to this Court, the appellant failed to allege any additional meritorious grounds upon which the appellant would be entitled to relief.

Having reviewed all nineteen errors alleged by the appellant in his appeal to this Court, we affirm the circuit court's order.

Affirmed.