# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christopher L. Palmer,**
**Petitioner Below, Petitioner**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 17-0397** (Fayette County 17-C-38)

**R.S. Mutter, Superintendent,**
**McDowell County Corrections,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Christopher L. Palmer, by counsel Jason D. Parmer, appeals the Circuit Court of Fayette County's March 28, 2017, order denying his petition for a writ of habeas corpus.[1] Respondent R.S. Mutter, Superintendent, by counsel Julianne Wisman, filed a response. On appeal, petitioner argues that the circuit court erred in denying his ineffective assistance of counsel claim without making specific findings of fact and due to his failure to plead adequate facts.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 22, 2014, petitioner, who was a passenger in a vehicle driven by Marvin White, entered onto Betty Puckett's driveway, exited the vehicle, and proceeded into Ms. Puckett's home. Ms. Puckett happened to be home and, upon seeing petitioner, whom she did not know, directed him to leave. Petitioner complied. Ms. Puckett examined her door and noticed that tools had apparently been used to pry it open. Ms. Puckett subsequently alerted law enforcement, and during their investigation, a flathead screwdriver and pry bar were recovered from the passenger side floorboard of Mr. White's vehicle.

---

[1]Petitioner originally listed Lance Yardley, Superintendent of Pruntytown Correctional Center and Jail, as respondent in this matter; however, petitioner is currently housed at McDowell County Corrections, at which R.S. Mutter is Superintendent. The appropriate party has been substituted as respondent pursuant to Rule 41(c) of the Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

On September 9, 2014, petitioner was indicted on one count of conspiracy to commit a felony and one count of burglary. Petitioner's trial on these charges commenced on November 20, 2014, and on that same day, the jury found him guilty of the two counts charged in the indictment. Shortly thereafter, on November 24, 2014, the State filed an information under West Virginia Code §§ 61-11-18 and -19 alleging that petitioner was twice before convicted of a felony offense.[2] Petitioner entered into an agreement with the State whereby he admitted to being previously convicted of one felony offense in exchange for the State's agreement to not seek a recidivist life sentence.

On July 24, 2015, the petitioner and the State appeared for sentencing. The circuit court sentenced petitioner to not less than one nor more than five years of incarceration for his conspiracy to commit a felony conviction and to not less than two nor more than fifteen years of incarceration for his burglary conviction, which was enhanced under West Virginia Code § 61-11-18 as though petitioner had only once before been convicted of a felony, in accordance with the parties' agreement. The court further ordered these sentences to run consecutively to one another and consecutively to a sentence petitioner was then serving for a Summers County, West Virginia conviction. We affirmed petitioner's convictions and sentences in *State v. Palmer*, No. 15-0858, 2016 WL 4611221 (W.Va. Sept. 6, 2016)(memorandum decision).

On February 8, 2017, petitioner filed a pro se petition for a writ of habeas corpus. Relevant to the instant appeal, petitioner alleged that he received ineffective assistance of trial counsel due to trial counsel's failure to investigate or interview the State's witnesses, to object to evidence the State used at trial concerning the tools recovered, to interview his "crucial witness," to object to the court's requirement that petitioner wear a stun belt during trial, to object to the photo lineup shown to the victim, to hire experts to dispute the State's evidence, to object to "discovery violations" by the State, to object to false testimony given to the grand jury, and because counsel "let [the] State and court file [a recidivist] information."

Without appointing counsel or holding a hearing, the circuit court denied petitioner's habeas petition. In its order, the court addressed collectively petitioner's contentions that trial counsel failed to investigate or interview the State's witnesses, failed to object to the tool

---

[2]West Virginia Code § 61-11-19 provides that "[i]t shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence." West Virginia Code § 61-11-18 sets forth that

> when any person is convicted of an offense and is subject to confinement in the state correctional facility therefor, and it is determined . . . that such person has been before convicted in the United States of a crime punishable by confinement in a penitentiary, [and] . . . the court imposes an indeterminate sentence, the minimum term shall be twice the term of years otherwise provided for under such sentence.

2

evidence, failed to interview crucial witnesses, failed to hire an expert, failed to object to "discovery violations," failed to object to testimony before the grand jury, and failed to object to the use of a photo lineup. The court found that dismissal of these claims was warranted because petitioner

> provide[d] no factual support, explanation, argument, examples, or references to the record, which would even remotely support the foregoing seven (7) claims and accordingly warrant the appointment of counsel or a hearing in the matter. Beyond mere assertions, the [p]etitioner has provided this [c]ourt with nothing to support these random allegations.

In sum, the court found that these claims amounted to "nothing more than innuendo, speculation, and blank, unsupported assertions that do not warrant further review."

Additionally, in regard to petitioner's claim that trial counsel rendered deficient assistance due to his failure to object to the State's use of a photo lineup, the court noted that "[a] thorough review of the record in the underlying matter reveals that [t]rial [c]ounsel actually did challenge the admissibility of the photo lineup." The circuit court also noted that we found no error in the trial court's ruling that the photographic lineup was admissible. *Palmer*, 2016 WL 4611221, *4.

With respect to petitioner's assertion that trial counsel rendered ineffective assistance due to his failure to object to the court's requirement that he wear a stun belt during trial, the court noted that it was within its discretion to require him to wear a stun belt. Moreover, the court directed that the belt be worn under petitioner's clothing, so it was not visible to the jury and, therefore, did not create the impression that he was a dangerous individual. Accordingly, the court found that counsel did not render ineffective assistance of counsel for not objecting and that petitioner suffered no prejudice.

Finally, in addressing petitioner's claim that trial counsel "let" the State and the court file a recidivist information, the court noted that West Virginia Code § 61-11-19 places the duty of filing a recidivist information on the prosecuting attorney, not a defendant's attorney or the circuit court. More importantly, though, trial counsel moved to dismiss the recidivist information and, upon the trial court's denial of that motion, filed a petition for a writ of prohibition with this Court to prevent the circuit court from proceeding on the recidivist information. In other words, the circuit court found that trial counsel "took considerable action on behalf of the [p]etitioner to challenge and prevent the State from proceeding on the felony enhancement information and then, after all challenges failed, secured the [p]etitioner a very reasonable plea deal to avoid the [p]etitioner receiving a potential life sentence."

The court entered its order denying and dismissing petitioner's habeas petition on March 28, 2017, and it is from this order that petitioner appeals.[3]

This Court reviews appeals of circuit court orders denying habeas corpus relief under the

---

[3]During the pendency of his appeal, petitioner moved for the appointment of counsel. This Court granted petitioner's motion by order entered on November 8, 2017.

following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner raises two assignments of error on appeal. First, petitioner claims the circuit court erred in denying his ineffective assistance of counsel claim without making specific findings of fact. In support of this claim, petitioner likens the circuit court's order to the one we found to be insufficient in *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997).

In addressing this assignment of error, we begin by noting that

> a court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). Further, Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia authorizes dismissal of a habeas petition when "the petition contains a mere recitation of grounds without adequate factual support[.]" Because petitioner's petition is devoid of factual support, we find no error in the circuit court's denial of habeas relief. For example, petitioner failed to identify any specific witnesses that trial counsel should have interviewed or investigated, specify the questions counsel should have asked of these witnesses, identify any specific evidence to which counsel should have objected, or specify any alleged discovery violation. Rather, petitioner's allegations merely recite purported grounds for relief, but fail to include any factual support.

We also find that the circuit court's twenty-three-page order is distinguishable from that presented in *Watson*. In *Watson*, the circuit court's order stated in total,

> Upon consideration of the petition for habeas corpus the court is of the opinion that the allegations are entirely without merit and that good cause for the filing thereof and appointment of counsel has not been shown.
>
> Accordingly, the requests to file the petition and to appoint new counsel are hereby DENIED.

200 W.Va. at 203, 488 S.E.2d at 478. The habeas court's order in the instant matter recited pages of applicable law, a detailed factual history of the proceedings in petitioner's underlying criminal matter, and an adequate explanation of the basis for the court's dismissal of petitioner's

4

ineffective assistance of counsel claim. Any ostensibly lacking analysis is attributable wholly to petitioner's failure to bolster his assertions with facts or citations to the underlying record.

In further support of his first assignment of error, petitioner also supplies argument for his "most noteworthy" ineffective assistance of counsel claim that counsel "failed to have [his] crucial witness interviewed or brought to [his] trial[,] . . . and hired no experts to dispute the State's evidence." As addressed above, petitioner's petition failed to identify this "crucial witness" or explain how an expert would have helped his case. Furthermore, the arguments he makes on appeal were not presented in his petition for a writ of habeas corpus.[4] Therefore, we find no error in the court's dismissal of these grounds due to petitioner's failure to provide adequate factual support below.

Second, petitioner claims that the circuit court erred in dismissing his ineffective assistance of counsel claim for failing to plead adequate facts. Petitioner argues that the court subjected him to a pleading standard higher than the "notice pleading" required in civil actions by Rule 8 of the West Virginia Rules of Civil Procedure. Additionally, because he was acting pro se, petitioner argues that the circuit court "had a duty to ensure that his case was not 'defeated solely by reason of [his] unfamiliarity with procedural or evidentiary rules.'"

Petitioner's citations to Rule of Civil Procedure 8, which sets forth general rules of pleading, and case law concerning motions to dismiss civil complaints fail to establish entitlement to relief. With specific respect to petitions for writs of habeas corpus, we have held that such petitions may be denied "without a hearing and without appointing counsel" when the "petition, exhibits, affidavits or other documentary evidence filed therewith show to [the] court's satisfaction that the petitioner is entitled to no relief." *Perdue*, 156 W.Va. at 467, 194 S.E.2d at 658, Syl. Pt. 1, in part. It is also well established that "[a] circuit court may 'summarily deny unsupported claims that are randomly selected from the list of grounds" identified in *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981). *Markley v. Coleman*, 215 W.Va. 729, 733, 601 S.E.2d 49, 53 (2004). Pro se petitioners are not excused from these requirements and "must specifically state in detail the underlying facts that support the claim" because "without detailed factual support[,]" the appointment of counsel and the holding of a hearing is simply not justified. *Losh*, 166 W.Va. at 771, 277 S.E.2d at 612. Accordingly, we find that petitioner was not held to an inapplicable pleading standard, and the circuit court, which is tasked with making

---

[4]Petitioner's arguments on appeal concerning the State's evidence are rooted in trial counsel's alleged failure to "challenge or attempt to limit the State's tool mark evidence . . . or call an expert to present competing scientific evidence." At trial, the State's tool mark expert testified that he could not be certain that the tools found in the vehicle in which petitioner was riding at the time of the burglary were used to burgle the victim's home. Petitioner's trial counsel used this inconclusive opinion to petitioner's benefit in arguing that he did not burgle the victim's home and that he was mistakenly identified by the victim. The same circuit judge who addressed petitioner's habeas petition also presided over petitioner's trial, and we have previously held that there is a "strong presumption that counsel's actions were the result of sound trial strategy[.]" *Coleman v. Painter*, 215 W.Va. 592, 596, 600 S.E.2d 304, 308 (2004) (citation omitted). Accordingly, we find these arguments to be unavailing.

5

"the initial decision [of] whether a petition shows probable cause warranting further inquiry[,]" did not err in dismissing his petition. *Id.*

For the foregoing reasons, we affirm the circuit court's March 28, 2017, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** November 21, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

6