# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Cindy Allman,**
**Petitioner Below, Petitioner**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0012** (Harrison County 15-C-262-3)

**J.D. Sallaz, Superintendent, Lakin**
**Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cindy Allman, by counsel Chad L. Taylor, appeals the Circuit Court of Harrison County's December 6, 2018, order denying her petition for a writ of habeas corpus. Respondent J.D. Sallaz, Superintendent, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the habeas court erred in concluding that the State did not deny petitioner a material term of her plea agreement and in finding that her trial counsel was not ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2009, petitioner and her co-defendant entered the home of Terry K. Lewis ("the victim") in search of money and valuables while another co-defendant waited in a nearby vehicle. After entering the home, petitioner and a co-defendant armed themselves with knives from the victim's kitchen. A co-defendant entered the victim's bedroom, where he lay sleeping next to his eight-year-old grandson, and stabbed the victim, who then stumbled into the hallway searching for help. Petitioner then stabbed the victim several more times in the hallway.[1] Petitioner and the co-defendants fled but were arrested approximately three weeks later based upon a tip concerning the crime.

---

[1]The stab wounds from petitioner and her co-defendant were concluded to be independently fatal.

1

In May of 2010, petitioner was indicted on one count of felony murder and one count of conspiracy to commit burglary. Prior to trial, petitioner entered into a plea agreement whereby she agreed to plead guilty to one count of felony murder in exchange for the State's agreement to dismiss the conspiracy to commit burglary charge and to join petitioner in recommending a sentence of life with mercy. The plea agreement noted that the plea was not binding and that sentencing would be in the circuit court's discretion. The plea agreement further noted that the agreement "in no way vitiates any right that any of the victims of the offenses charged against the defendant may have under the laws of the State of West Virginia." During the later-held omnibus hearing, both petitioner's trial counsel and the prosecutor testified that it was their understanding that the victim's family agreed at that time with the recommendation of life with mercy.

The trial court held a sentencing hearing in October of 2010.[2] Petitioner's counsel requested that she be sentenced to life with mercy, arguing factors such as petitioner's age, mental competency, past abuse, remorsefulness, intellect, and lack of criminal history. The State also recommended that petitioner be sentenced to life with mercy due to her young age. The trial court then heard statements from the victim's family. Although, as noted above, both petitioner's counsel and the prosecutor were under the impression that the family agreed with the recommendation of life with mercy, each of the seven family members who spoke requested that the trial court show petitioner no mercy. One of the victim's sisters explained the family's dissatisfaction with the plea agreement:

> Your Honor, our family willfully agreed to the plea agreements of this robbery that ended up in murder for these three people [petitioner and her two co-defendants], but because of the statements that were made in the courtroom by these individuals during their plea hearing, I respectfully ask, Your Honor, to please reconsider our offer of mercy in your decisions.
>
>       . . . .
>
> Your Honor, I ask that you please consider the option that mercy be denied, even though . . . we offered it to these three people.

Following the family members' statements, petitioner expressed to the trial court her remorse for her actions. At the conclusion of the hearing, the trial court sentenced petitioner to life without mercy by order entered on November 24, 2010. In support of this sentence, the trial court noted that petitioner's acceptance of responsibility was questionable and the facts of the case would "cry out for a jury in hearing this case to not grant any mercy." Petitioner subsequently filed a motion for reconsideration, which the trial court ultimately denied. On June 19, 2013, the trial court conducted a second sentencing hearing pertaining solely to petitioner and, by order entered July 1, 2013, reimposed the original sentence of life imprisonment without the possibility of parole. Petitioner appealed her sentence to this Court, and we affirmed the sentence. *See State v. Allman*, 234 W. Va. 435, 765 S.E.2d 591 (2014).

---

[2]This hearing was a joint sentencing hearing for petitioner and her two co-defendants. Similar plea agreements were made with all three people.

Thereafter, petitioner, without representation, filed a petition for a writ of habeas corpus in June of 2015. In October of 2015, petitioner was appointed counsel and filed an amended petition for a writ of habeas corpus raising several grounds for relief. Relevant to this appeal, petitioner argued that her plea agreement was unfulfilled and that her trial counsel provided ineffective assistance. The habeas court held an omnibus hearing in January of 2016 wherein petitioner was permitted to argue her claims. Both petitioner's trial counsel and the prosecutor testified that, at the sentencing hearing, they were under the assumption that the victim's family agreed with the recommendation of life with mercy. Both learned of the family's change of heart only when the family testified at the sentencing hearing. While petitioner's trial counsel testified that he wished he had objected to the family's testimony at trial, at the omnibus hearing he felt that objecting could have jeopardized petitioner's plea agreement.

The habeas court denied petitioner's amended petition for a writ of habeas corpus. In its order, the habeas court found that, although there seemed to be an understanding that the family supported the plea agreement, the family's support of the plea was never made a part of the plea agreement. Further, the plea agreement was between petitioner and the State, and, as the agreement provides, the rights of the victim's family were in no way restricted by the agreement. Moreover, petitioner did not ask to withdraw her guilty plea on the basis of the misunderstanding. As such, the habeas court found that the State fulfilled its obligations under the plea agreement. Regarding petitioner's claims of ineffective assistance of counsel, the habeas court found that the trial court relied on a multitude of factors in reaching its decision regarding petitioner's sentence, apart from the family's disagreement with the plea agreement. Further, both the prosecutor and petitioner's trial counsel testified at the omnibus hearing that the State had a strong case against petitioner and that the plea agreement was the most favorable option for her. Lastly, neither attorney for either of petitioner's co-defendants objected to the family's testimony at the sentencing hearing. As such, the habeas court determined that petitioner failed to prove that her counsel had been ineffective. Petitioner appeals the December 6, 2018, order denying her petition for a writ of habeas corpus.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner first argues that the habeas court erred in finding that she was not denied a material term of her plea agreement. According to petitioner, she relied upon the State's verbal assertion that the victim's family supported the plea agreement's recommendation of life with mercy. In fact, her trial counsel testified at the omnibus hearing that he would not have recommended entering into the plea agreement absent the family's support. Petitioner relies upon contract principles to support her contention that the plea agreement should be voidable based

3

upon the family's testimony. Petitioner avers that the habeas court should have more seriously considered the parties' understanding of the family's support of the plea and her reliance upon their support in entering the plea agreement. We disagree.

We have long recognized that "[a]s a matter of criminal jurisprudence, a plea agreement is subject to principles of contract law insofar as its application insures a defendant receives that to which he is reasonably entitled." *State ex rel. Brewer v. Starcher*, 195 W. Va. 185, 192, 465 S.E.2d 185, 192 (1995). Regarding the interpretation of plea agreements, we have previously noted that

> [a]ny ambiguities in a plea agreement will be construed against the State. Syl. pt. 3, in part, *State ex rel. Thompson v. Pomponio*, 233 W.Va. 212, 757 S.E.2d 636 (2014) (rejecting State's argument that language of plea agreement was ambiguous, and holding that any ambiguity must be construed against State). Nevertheless, a plea agreement should be read reasonably, without resort to strained or hyper-technical interpretation. *See United States v. Larson*, 78 Fed.Appx. 650, 655-56 (10th Cir. 2003); *United States v. Little*, 14 Fed.Appx. 200, 204 (4th Cir. 2001).

*State v. Wilson*, 237 W. Va. 288, 293, 787 S.E.2d 559, 564 (2016). Moreover,

> "[i]t is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them." Syllabus point 3, *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962).

*State v. Stewart*, No. 18-0006, 2019 WL 181479, at *5 (W. Va. Jan. 14, 2019)(memorandum decision) (citation omitted).

With these legal principles in mind, we find no error in the habeas court's determination that petitioner was not denied a material term of her plea agreement. The plea agreement specifically noted that the agreement was between only the State and petitioner; that although the State would recommend a sentence of life with mercy, sentencing remained in the discretion of the trial court; and that the rights of the victim's family were in no way vitiated by the agreement.

This language is straightforward and unambiguous, and we will not resort to the interpretation petitioner asks this Court to apply: that her plea was dependent upon the family members' agreement. As the habeas court noted, the agreement does not incorporate the victim's family members' agreement with the terms of the plea. Further, the plea agreement expressed that the State would recommend a sentence of life with mercy, and that is what it did. That the family members presented testimony contrary to what petitioner expected does not prove that the State breached the plea agreement. Indeed, the prosecutor testified at the omnibus hearing that she believed the family to be in agreement with the plea as of the sentencing hearing. This belief is supported by the victim's sister's testimony that the

> family willfully agreed to the plea agreements of this robbery that ended up in murder for these three people, but because of the statements that were made in the

courtroom by these individuals during their plea hearing, I respectfully ask, Your Honor, to please reconsider our offer of mercy in your decisions.

Clearly, the family previously agreed to the recommended sentence but changed their minds unbeknownst to the State. However, this change of heart had no bearing on the plea agreement, as there was no language basing the plea upon the family's agreement.

Moreover, the plea agreement provided that sentencing was left to the discretion of the trial court. Petitioner's argument is premised upon the belief that but for the victim's family members' testimony, the trial court would have imposed a sentence of life with mercy.[3] However, as we noted in petitioner's direct appeal,

> [t]he [trial] court explained that it "did consider the mitigating factors of the defendant's age, lack of parental supervision or help, and history of substance abuse, physical abuse, [and] sexual abuse." The court nonetheless declined to recommend that [petitioner] be eligible for parole "based upon her representations in the presentence investigation report, [her] lack of work history yet ability . . . to go from one fix to the next, and the burglary of a home in the nighttime resulting in the stabbing death of the homeowner in front of his minor grandchild." Emphasizing this last factor in particular, the court remarked that the boy's presence during the attack on his grandfather "would cry out for a jury . . . not to grant any mercy."

*Allman*, 234 W. Va. at 438, 765 S.E.2d at 594. We further noted that

> [t]he circuit court elaborated from the bench that [petitioner's] statements to her probation officer attempted "to mitigate [her] role[ ] in the events of that night and . . . put the blame on the other individuals." [Petitioner's] excuses, the court reasoned, rendered it "very questionable" that she had accepted responsibility for her actions.

*Id.* at 438 n.3, 765 S.E.2d at 594 n.3. Accordingly, contrary to petitioner's claims, there is nothing in the record to suggest that the trial court relied singularly on the family members' testimony in sentencing petitioner to life without mercy. Given this evidence, we agree with the habeas court's determination that petitioner was not denied a material term of her plea agreement.

Petitioner next argues that her counsel was ineffective for two reasons. First, she claims her trial counsel failed to ensure that the family members' agreement with the plea was

---

[3]As part of her argument, petitioner contends that the testimony provided by the family members fell outside the scope of West Virginia Code § 61-11A-2(b), which reads, in relevant part, that "the statement, whether oral or written, must relate solely to the facts of the case and the extent of injuries, financial losses and loss of earnings directly resulting from the crime for which the defendant is being sentenced." Because we find that the circuit court relied on a myriad of other factors in sentencing petitioner to life without mercy, we need not address whether the family members' testimony was improper as it was clearly harmless under the circumstances of this case.

incorporated into the plea agreement. According to petitioner, her trial counsel should have obtained the equivalent of a "written receipt" detailing that her reliance on the family's support was a material term. Petitioner contends that this failure cannot be written off as trial strategy. Second, petitioner avers that her trial counsel was ineffective for failing to bring her reliance on the family members' support of the plea to the attention of the trial court, either during the plea hearing or at the sentencing hearing after hearing the family's testimony. Petitioner claims that

> [h]ad trial counsel given a written agreement stating that the families were in support, and the [trial] court accepted it, [petitioner] would have avoided the harshest sentence under West Virginia law. Had the [trial] court refused the agreement, or if the State would not have signed such agreement, trial counsel could have been in a better position to gauge his next step.

Petitioner concludes that she has met the requirements to show ineffective assistance of counsel and avers that the habeas court's findings to the contrary are erroneous. We find that petitioner is entitled to no relief in this regard.

> In Syllabus Point 5 of *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), we held

> > [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

"Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)). The *Strickland* test also applies to a conviction based upon a defendant's guilty plea. *See Hill v. Lockhart*, 474 U.S. 52 (1985). Regarding the second prong of *Strickland*, in cases including plea agreements the test

> focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59.

> In looking at the first prong of the *Strickland/Miller* test, we cannot find that petitioner's trial counsel's assistance was deficient under an objective standard of reasonableness. Although petitioner claims that her counsel was ineffective for failing to have the family's support of the plea included in the written agreement, there is no evidence lending itself to the idea that his actions were somehow outside the broad range of professionally competent assistance. *See Miller*, 194 W.

Va. at 6-7, 459 S.E.2d 117-18, syl. pt. 6. Both petitioner's trial counsel and the prosecutor testified at the omnibus hearing that they were under the assumption that the family members supported the plea agreement and remained under that assumption until the family members testified to the contrary at the sentencing hearing. Prior to the sentencing hearing, there was no reason for petitioner's trial counsel to suspect that the family members would change their minds, nor is there any evidence to suggest that trial counsel should have predicted such a change in the family's mindset. Moreover, even if trial counsel had included the family members' support of the plea in the agreement, there is no guarantee the trial court would not have sentenced her to life without mercy. The trial court had the discretion to render that sentence, and petitioner fails to prove that the result would have been different. Petitioner's claims that trial counsel should have anticipated the family's revocation of their support is speculative at best. Accordingly, we decline to find that his actions fell below an objective standard of reasonableness under the circumstances of this case.

We likewise find that trial counsel was not ineffective for failing to bring the family's support of the plea agreement to the trial court's attention either at the plea hearing or the sentencing hearing. At the omnibus hearing, trial counsel testified that he believed the State commented at the plea hearing that the family members supported the plea agreement. Trial counsel testified that he did not object to the family members' testimony at the sentencing hearing because the co-defendants' attorneys, who had more experience than he did, did not object. Moreover, trial counsel believed that the State's recommendations, coupled with the mitigating factors he set forth on the record, were sufficient to obtain a sentence of life with mercy. Trial counsel also believed that objecting, or alerting the circuit court to his and petitioner's understanding that the family members supported the plea, would jeopardize the plea agreement so he remained silent. Petitioner has failed to show that this strategy of remaining silent and relying on the State's recommendation and mitigating factors presented was unreasonable. *See Coleman v. Painter*, 215 W. Va. 592, 596, 600 S.E.2d 304, 308, (2004) (holding that "[t]he strong presumption that counsel's actions were the result of sound trial strategy . . . can be rebutted only by clear record evidence that the strategy adopted by counsel was unreasonable") (citation omitted). Based on the foregoing, we find that petitioner's trial counsel's assistance did not fall below an objective standard of reasonableness.

While this failure is fatal to petitioner's claim, we nevertheless address the second prong of *Strickland/Miller*. Petitioner additionally fails to prove that there was a reasonable probability that, but for trial counsel's ineffective assistance, she would have insisted on going to trial. *Hill*, 474 U.S. at 59. When asked whether she would have chosen to proceed to trial or accept the non-binding plea as offered, petitioner testified that she did not know. Moreover, in her brief on appeal, petitioner does not contend that she would have insisted on going to trial. Rather, she claims that had trial counsel included the family members' support of the plea in the agreement, she would have "been in a better position to gauge [her] next step," and her trial counsel "could have . . . requested a unitary trial to convince the jury" that she was a suitable candidate for parole. These claims hardly meet the standard set forth in *Hill*. As the habeas court noted, both trial counsel and the prosecutor testified at the omnibus hearing that the State had a strong case against petitioner. Specifically, trial counsel testified that petitioner's confession had been deemed admissible and both her co-defendants implicated her in their confessions and agreed to testify against her. Trial counsel believed the State had a "slam-dunk" case to prove felony murder and, therefore, concluded a plea agreement was the best option for petitioner. As such, the evidence is simply

7

insufficient to support a claim that petitioner would have insisted on going to trial if not for trial counsel's alleged mistakes. Therefore, we find that petitioner failed to satisfy the second prong of *Strickland/Miller* and her entire claim regarding ineffective assistance of counsel fails. Accordingly, we find no error.

For the foregoing reasons, we affirm the circuit court's December 6, 2018, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison