**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Charles T.,**
**Petitioner Below, Petitioner**

**v.)  No. 23-336** (Fayette County CC-10-2022-C-140)

**Jonathan Frame, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles T. appeals the final order entered by the Circuit Court of Fayette County on May 19, 2023, denying his second petition for post-conviction habeas corpus relief.[1] On appeal, the petitioner claims error in the court's denial of his ineffective assistance of habeas counsel claim, the court's failure to appoint counsel or conduct an omnibus hearing, and the court's failure to address newly discovered evidence. Upon our review, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

Following a jury trial, the petitioner was convicted of thirteen counts of incest; thirteen counts of sexual abuse by a parent, guardian, or custodian; and thirteen counts of second-degree sexual assault. *State v. Charles T.*, No. 17-0467, 2018 WL 5794870, at *1 (W. Va. Nov. 5, 2018) (memorandum decision). The petitioner's stepdaughter, C.B., testified at trial that the petitioner forced her to have sex with him nearly every day from June 2014 to June 2015. *Id*. C.B. also testified that the petitioner routinely wiped his penis off with a sock after assaulting her. *Id*. In striking testimony, C.B.'s mother/the petitioner's wife, S.T., testified that the petitioner's use of a sock after sex with S.T. "was something I don't remember him ever not doing." *Id*. at *2.

Other trial witnesses included Dr. Joan Phillips with the Child Advocacy Center at Women and Children's Hospital. *Id*. Dr. Phillips testified that, when examining C.B., she observed two abnormal findings that were consistent with the type of trauma caused by sexual activity. *Id*. The petitioner testified in his defense, and he claimed that C.B. made up the allegations in retaliation for having been disciplined for inappropriate text messages found on her phone. *Id*. Through

---

[1] The petitioner is self-represented. The respondent appears by counsel Patrick Morrisey, Attorney General; and Andrea Nease Proper, Deputy Attorney General. Since the filing of this case, the Superintendent of Mount Olive Correctional Complex has changed, and the Superintendent is now Jonathan Frame. Accordingly, the Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure. Initials are used where necessary to protects the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

several witnesses, it was also established that the petitioner was out of the state for job training during some of the period of time covered in the indictment.

This Court affirmed the petitioner's convictions and sentence, *id*. at *9, and he later filed his first petition for habeas relief. In that petition, the petitioner alleged, among other things, that trial counsel was ineffective for failing to challenge the reliability of Dr. Phillips' testimony, effectively cross-examine Dr. Phillips, present a defense gynecological expert, or present concrete evidence of the petitioner's work schedule. *Charles T. v. Ames*, No. 21-0524, 2022 WL 10076169, at *1 n.3 (W. Va. Oct. 17, 2022) (memorandum decision). The circuit court denied habeas relief after holding an omnibus hearing. This Court affirmed the denial of habeas relief because the petitioner failed to demonstrate prejudice from trial counsel's alleged errors. *Id.* at *2.

Subsequently, the petitioner initiated the instant proceedings by filing a second petition for a writ of habeas corpus, which the circuit court denied by order without a hearing. In that petition, the petitioner alleged ineffective assistance of habeas counsel, which included numerous subparts.[2] The petitioner complained that habeas counsel did not employ an expert for the habeas proceeding to discredit Dr. Phillips' trial testimony. Noting that habeas counsel presented documentary evidence of scientific studies to challenge Dr. Phillips' testimony, the circuit court concluded that the petitioner failed to prove that he was prejudiced by habeas counsel's failure to present additional evidence in the form of live expert testimony, and it dismissed this claim. The petitioner also argued habeas counsel failed to adequately investigate by interviewing certain witnesses or obtaining his work records that would have proven his innocence. The court refused to grant relief on this claim because habeas counsel did obtain some documentary evidence of the petitioner's employment, and the petitioner failed to prove that more records existed that would have exonerated him. The court further found the petitioner did not prove he was prejudiced by habeas counsel's failure to call certain witnesses to testify at the omnibus hearing because the petitioner did not identify any witnesses that counsel failed to call.

In the petitioner's second habeas claim that is relevant to the issues he raises on appeal, the petitioner argued that his conviction was premised on "the inherently incredible testimony of Dr. Joan Phillips." He cited two scientific articles relating to child sexual abuse evaluations, which the petitioner claimed amounted to newly discovered evidence that undermined Dr. Phillips' trial testimony. One of these articles was cited by Dr. Phillips at trial, and the petitioner claimed it was "plainly unreasonable" for her to rely on it because it was a study of children and adolescents, and C.B. was seventeen years old. The petitioner cited the other article, which was published in 2001, for the proposition that Dr. Phillips' physical findings of trauma were a result of "poison ivy in the genital area." The court found that res judicata barred this claim because the issue was fully and finally adjudicated in his first habeas case. The court also found "no merit to [the p]etitioner's claim that Dr. Phillips's testimony was unreliable or that the same could be undermined by relevant

---

[2] On appeal, the petitioner has abandoned the following arguments related to his claim of ineffective assistance of habeas counsel: failure to argue about the plea offer that was allegedly never presented to the petitioner, failure to address both prongs of the *Strickland/Miller* standard, and failure to argue that trial counsel was ineffective for not objecting to the *Allen* charge. The petitioner has also abandoned his claim of ineffective assistance of habeas appellate counsel. We only address the arguments that the petitioner pursues on appeal.

scientific evidence." Further, the court found that "Dr. Phillips's testimony was not the primary evidence securing [the petitioner's] conviction," and C.B.'s testimony "was alone sufficient, in and of itself to secure [the p]etitioner's conviction." The petitioner appeals from the court's order denying habeas relief.

When this Court reviews a circuit court's final order in a habeas action, "we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). To establish a claim of ineffective assistance of counsel, the petitioner must prove: "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). In considering a petitioner's claim, "the test for prejudice . . . is whether the result of the proceedings was fundamentally unfair or unreliable." *Daniel v. Legursky*, 195 W. Va. 314, 324, 465 S.E.2d 416, 426 (1995) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). And "[f]ailure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *State ex rel. Vernatter v. Warden*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citing *Legursky*, 195 W. Va. at 321, 465 S.E.2d at 423).

First, the petitioner argues that the circuit court erred in determining that his first habeas counsel was not ineffective because, during the petitioner's first habeas proceeding, counsel failed to present an expert to challenge Dr. Phillips' trial testimony, subpoena the petitioner's work records to prove he was not in West Virginia during the period alleged in the indictment, or present evidence from any of the witnesses the petitioner asked him to subpoena. The petitioner also argues that the circuit court erred when it applied a "subjective analysis" when determining whether habeas counsel's performance was reasonable under the first prong of *Strickland/Miller*.

Here before this Court, the petitioner again fails to demonstrate that he was prejudiced by habeas counsel's failure to call an expert at his first habeas proceeding. Before the circuit court, he neither proposed an expert nor explained how any expert testimony would have changed the outcome of his first habeas proceeding. Rather he merely speculates on what an expert might have testified to at the first habeas proceeding. As we found in *Coleman v. Painter*, 215 W. Va. 592, 600 S.E.2d 304 (2004), such "guesswork and speculation are no substitute for evidence." *Id.* at 597, 600 S.E.2d at 309. The petitioner's claim that habeas counsel failed to present work records is belied by the record, and he has provided no evidence for his assertion that other, exonerating records exist. Likewise, the petitioner has provided no explanation of how any proposed witnesses' expected testimony would have altered the outcome of his first habeas proceeding. The petitioner was obligated to "specifically state in detail the underlying facts that support" his claims, and "[a] mere recitation of . . . grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981). Finally, even if the petitioner were accurate that the court erred by employing a subjective analysis in assessing habeas counsel's performance, in this instance too he has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Miller* at 6, 459

S.E.2d at 117, Syl. Pt. 5, in part. The petitioner's failure to prove that he was prejudiced by any of the claimed deficiencies in representation is "fatal" to his claim of ineffective assistance. *Vernatter*, 207 W. Va. at 17, 528 S.E.2d at 213. Thus, we conclude the court did not abuse its discretion in denying this claim.

Second, the petitioner argues that the circuit court erred when it ruled upon his second habeas petition without appointing counsel or conducting an omnibus hearing. We have long held that a court may deny a habeas corpus petition "without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, in part, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973); W. Va. Code § 53-4A-7(a) (discussing the circuit court's role in determining whether there is probable cause to believe the petitioner may be entitled to some relief). Here, the court found the record was sufficient to fairly adjudicate the petitioner's claims without further briefing, appointing counsel, or conducting an evidentiary hearing. We agree. The court's order addressed each of the issues raised by the petitioner and explained in detail why there was no basis for relief. Accordingly, under the circumstances of this case, we cannot say the court abused its discretion in summarily denying the petition.

Finally, the petitioner argues that the circuit court erred when it "failed to address the new evidence"—i.e., the scientific articles—he presented in his second habeas petition that allegedly undermined the credibility of Dr. Phillips' trial testimony. Recognizing that he has already had one habeas proceeding, which was "res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known," the petitioner characterizes the scientific articles as "newly discovered evidence," which, if true, would provide an exception to the res judicata bar. *See Losh*, 166 W. Va. at 762, 277 S.E.2d at 607, Syl. Pt. 4 (outlining the applicability of res judicata to habeas proceedings and establishing an exception for newly discovered evidence). The petitioner also claims that the circuit court failed to address another exception to res judicata found in West Virginia Code § 53-4A-1(b)(1) for "relevant forensic scientific evidence" that undermines the State's trial forensic scientific evidence and would, with reasonable probability, produce a different trial outcome. We reject, first, the petitioner's claim that the articles constitute "newly discovered evidence." The petitioner has not demonstrated that the evidence was discovered after the first habeas, and could not, with due diligence, have been secured before the first habeas; that it is not merely cumulative of the evidence he presented during his first habeas; that it would have produced a different result at his first habeas; or that it serves any purpose other than to impeach or discredit Dr. Phillips. *See* Syl., *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979) (outlining the factors that must be met to justify granting a new trial based on newly discovered evidence). We also reject the petitioner's claim that the court failed to address West Virginia Code § 53-4A-1(b)(1). The court clearly addressed the statute in finding "no merit to [the p]etitioner's claim that Dr. Phillips's testimony was unreliable or that the same could be undermined by relevant scientific evidence." Further, the petitioner has not demonstrated that the articles undermine Dr. Phillips' testimony that her examination of C.B. revealed evidence of sexual activity. And, considering the strength of C.B.'s testimony, the petitioner also fails to demonstrate that he was ultimately prejudiced by the omission of the articles. Accordingly, the court did not err in declining to consider this evidence or in concluding that this claim was previously adjudicated and/or waived.

4

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 24, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn